IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Appellant,<br><br>       v.<br><br>ALTA CORINNE HUNTER,<br><br>              Respondent. | No. 85792-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — The State of Washington appeals from an order granting Alta Hunter's CrR 7.8 motion for relief under our Supreme Court's opinion in *State v. Blake*,[1] and argues she was not entitled to a refund of fees paid under a preconviction therapeutic court agreement and, more broadly, that CrR 7.8 does not apply to dismissed charges. Consistent with our holding in a companion case, *State v. Peterson*,[2] we conclude that the trial court lacked authority to retain and grant the motion and reverse.

## FACTS

On January 18, 2012, the State charged Alta Hunter with one count of possession of a controlled substance, suboxone, under former RCW 69.50.4013(1) (2003). On March 2, 2012, while the charge was pending, Hunter entered the Adult Drug Treatment Court (ADTC) program in Snohomish County Superior Court, also

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).
[2] No. 85791-6-I (Wash. Ct. App. Aug. 4, 2025), https://www.courts.wa.gov/opinions/pdf/857916.pdf.

commonly known as "drug court." To participate in the program, Hunter signed a set of stipulations and waivers of various constitutional rights and paid a mandatory $900 participation fee. The State agreed to dismiss the charge against her with prejudice upon her satisfaction of the terms of the drug court program. Payment of the participation fee, in full, was one of the requirements for successful completion of the program. On September 16, 2013, after Hunter complied fully with treatment, paid the fee and otherwise satisfied the terms of ADTC, the State moved to dismiss the charge, and the court granted the motion.

In 2021, our Supreme Court held in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021) that former RCW 69.50.4013 (2017), the state's strict liability drug possession statute, was unconstitutional. Following that opinion, Hunter filed a CrR 7.8 motion to vacate her dismissed possession of a controlled substance charge and to recover the drug court participation fee she had paid. She argued that, pursuant to *Blake*, the State lacked authority to charge her with possession of a controlled substance in 2012, rendering the criminal charge void from inception. Therefore, she asserted, vacatur was required under the plain language of *Blake*.

Hunter averred that she was entitled to relief under CrR 7.8(b) and her motion was timely under RCW 10.73.100(6). She also raised a due process argument based on *Nelson v. Colorado*[3] and *State v. Curtis*,[4] despite acknowledging that the cases involved refunds of legal financial obligations (LFOs) after criminal convictions

---

[3] 581 U.S. 128, 137 S. Ct. 1249, 197 L. Ed. 2d 611 (2017).

[4] No. 36803-3-III (Wash. Ct. App. Nov. 16, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/368033_unp.pdf. Under GR 14.1(c), we may discuss unpublished opinions as necessary for a well-reasoned opinion. *Curtis* is included here only because Hunter offered it as authority.

were overturned. Hunter contended that she had an interest in the return of the fees she paid for drug court because she entered the program solely due to the threat of criminal prosecution under an unconstitutional statute. Following *Blake*, she asserted, drug court fees constituted an improper deprivation of property that should be refunded. She emphasized that the State had no legitimate claim to retain the fees since her sole criminal charge in this case was based on a void statute.

The State opposed Hunter's motion, along with two other identical motions filed in cases of similarly situated defendants,[5] and argued that CrR 7.8 does not provide a remedy for vacating dismissed charges. It averred that Hunter voluntarily agreed to participate in drug court and her agreement toward that end fell outside the scope of CrR 7.8. The State further argued that due process claims under *Nelson* apply only to fees stemming from convictions and, since Hunter was not convicted, her due process arguments were unavailing. Although the State conceded that CrR 7.8 is the appropriate mechanism for seeking refunds of *Blake*-related LFOs under *Civil Survival Project v. State*,[6] it maintained that the drug court fees were not LFOs that resulted from a criminal conviction and, thus, not subject to CrR 7.8.

The State next contended that Hunter's motion should be dismissed and refiled as a civil claim for unjust enrichment. It also averred that Hunter had already received the remedy of dismissal upon successful completion of the program and

---

[5] Hunter's attorney on this matter in the trial court also represented two other Snohomish County drug court graduates and all of their motions were heard in the same week, two of them on the same docket. The State appealed from all three orders, which were nearly identical as they were apparently drafted by defense counsel, and presented similar arguments in each case. The companion cases are *State v. Peterson,* No. 85791-6-I and *State v. Fjerstad*, No. 85790-8-I.

[6] 24 Wn. App. 2d 564, 520 P.3d 1066 (2022), *review denied*, 2 Wn.3d 1011 (2023).

therefore could not make a substantial showing that she was entitled to the further remedy of "vacating" a charge. As such, the State asserted, her motion should be transferred to the Court of Appeals as a personal restraint petition (PRP).

On August 8, 2021, the trial court conducted a hearing and heard from both parties before it granted Hunter's motion and entered the following findings and rulings:

> 1. The defendant's motion is properly raised under CrR 7.8 and is hereby granted.
> 2. The defendant's motion shall not be transferred to the Court of Appeals as a Personal Restraint Petition because the defendant's motion is not time barred by RCW 10.73.090, and she has made a substantial showing that she is entitled to relief.
> 3. The charge of POSSESSION OF A CONTROLLED SUBSTANCE contained in the Information filed on January 6, 2012, against the above-named defendant, is constitutionally defective pursuant to CrR 7.8(2) [sic] and *State v. Blake* and is hereby vacated;
> 4. Due process requires that Ms. Hunter be refunded the $900 Drug Court fee previously paid pursuant to the vacated charge. The State of Washington shall determine the method of any refund herein with all deliberate speed.
> 4. [sic] The Clerk of the court shall immediately transmit a copy of this order vacating the charge to the Washington State Patrol Identification Section and to the local police agency, if any, which holds criminal history information for the person who is the subject of the charge. The Washington State Patrol and any such local police agency shall immediately update their records to reflect the vacation of the charge, and shall transmit the order vacating the charge to the Federal Bureau of Investigation as required by RCW 9.96.060(7).

The State timely appealed.


ANALYSIS

Similar to its companion cases, *State v. Peterson*[7] and *State v. Fjerstad*,[8] this

---

[7] No. 85791-6-I (Wash. Ct. App. Aug. 4, 2025), https://www.courts.wa.gov/opinions/pdf/857916.pdf.
[8] No. 85790-8-I (Wash. Ct. App. Aug. 4, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/857908.pdf.

case addresses whether the trial court may retain and decide a post-*Blake* CrR 7.8 motion for relief where the criminal charge was dismissed after successful completion of a therapeutic court program. At the outset, Hunter asserts that the State lacks standing, its appeal is moot, and the trial court's order is not appealable. Consistent with our conclusion in *Peterson*, the State has standing with respect to the Snohomish County drug court because it has a present, substantial interest in the funding and operation of therapeutic courts. No. 85791-6-I, slip op. at 9 n.10. However, the State fails to demonstrate that it has the authority to bring this claim on behalf of the Washington State Patrol. *Id.* Further, like the questions presented in *Peterson*, this appeal is not moot because we can still provide Hunter's requested relief, vacatur of a dismissed criminal charge and, separately, because it satisfies the exception to the mootness doctrine as it involves a matter of continuing public interest with a likelihood of recurrence. *Id.* at 5-6 n.6. Additionally, the trial court's order is appealable as it qualifies as a final decision under RAP 2.2(b)(1). *See id.* at 6-7. Consistent with our holding in *Peterson*, the trial court similarly erred here when it retained and decided Hunter's CrR 7.8 motion.

As we determined in *Peterson*, the trial court erred when it ordered vacatur of a dismissed criminal charge; this is true because nonconviction data as defined by RCW 10.97.030(8)[9] is not subject to that particular mechanism for relief. *Id.*

---

[9] RCW 10.97.030(8) defines nonconviction data as follows:
*all criminal history record information* relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending. There shall be a rebuttable presumption that proceedings are no longer actively pending if more than one year has elapsed since arrest, citation, charge, or service of warrant and no disposition has been entered.
(Emphasis added.)

at 10-12. Signing nearly identical orders in Hunter's, Peterson's, and Fjerstad's cases,[10] the trial court here nonetheless directed that,

> 3. The charge of POSSESSION OF A CONTROLLED SUBSTANCE contained in the Information filed on January 6, 2012, against the above-named defendant, is constitutionally defective pursuant to CrR 7.8(2) [sic] and *State v. Blake* and is hereby vacated;
> . . . .
> 4. The Clerk of the court shall immediately transmit a copy of this order vacating the charge to the Washington State Patrol Identification Section and to the local police agency, if any, which holds criminal history information for the person who is the subject of the charge. The Washington State Patrol and any such local police agency shall immediately update their records to reflect the vacation of the charge, and shall transmit the order vacating the charge to the Federal Bureau of Investigation as required by RCW 9.96.060(7).

This is a clear abuse of discretion as it is a misapplication of the vacatur statute to nonconviction data, which renders the order in paragraph 4 similarly improper as the vehicle for the removal of nonconviction data as provided by the legislature is set out in chapter 10.97 RCW. *See id.* at 18.

So, too, was the court's legal conclusion in the first paragraph 4,[11] premised on Hunter's argument under *Nelson*, that "[d]ue process requires that Ms. Hunter be refunded the $900 Drug Court fee previously paid pursuant to the vacated charge." Again, as we held in *Peterson*, *Nelson* is inapposite here because Hunter was never convicted of a crime that was later reversed, and the drug court fee she paid was not an LFO imposed pursuant to a criminal conviction. *Id.* at 12-13.

---

[10] All three defendants in these companion cases were represented by the same defense counsel, who appears to have prepared the final orders signed in each case as they contain identical typographical errors.

[11] The order contains two consecutive paragraphs identified as "4," the first of which addresses Hunter's due process claim regarding the refund of her fee, while the second directs the clerk and law enforcement to act on the order vacating the criminal charge.

To reiterate, our opinion in this case merely addresses the legal questions presented based on the procedural posture of the case and arguments of the parties on appeal. Neither this opinion nor *Peterson* should be misconstrued to suggest that other similarly situated persons who successfully completed a drug court or other therapeutic court alternative solely on simple drug possession charges are outside the scope of relief offered under *Blake*. The policy reasons articulated by our Supreme Court in *Blake* as to its intended outcome, to restore those defendants to the same position prior to their prosecution under an unconstitutional statute, must apply equally to those who opted to pursue rigorous substance use disorder treatment, pay participation fees, and comport with conduct requirements and sanction protocols for long periods of time in order to earn dismissal of their drug possession charges. It is possible, as the State has suggested, that civil claims or pursuit of a PRP upon demonstration of the nonconviction data or payment of participation fees as forms of restraint, may be the proper path under our statutes, but that question remains for another day. On this record, we conclude that CrR 7.8 motions are simply not the proper avenue for that relief.

Reversed.

WE CONCUR:

_____
Feldman, J.

_____
Birk, J.

- 7 -